Christopher Boatman
D-65055, 2N98U
San Quentin State Prison
San Quentin, CA  94974

FILED

07 AUG 20 PM 2:13

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# FEDERAL DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

In re Christopher Boatman          Case No. C-07-3412 SI(PR)
                                   **NOTICE OF ERRATA**

## WRIT OF HABEAS CORPUS

A Writ of Habeas Corpus was filed by this Court, case no. C-07-3412 SI(PR) to which petitioner inadvertantly left out the "Certificate of Verification," showing that all state remedies have been exhausted. I have now enclosed a copy of the verification. If you will please insert it into the writ of habeas corpus, it will be appreciated.

Respectfully submitted,

*Christopher Boatman*

Christopher Boatman
Petitioner Pro-se

VERIFICATION

STATE OF CALIFORNIA )
                    )
<u>COUNTY OF MARIN    </u> )

(C.C.P. section 446 & 2015.5; 28 U.S.C. section 1746)

I, CHRISTOPHER BOATMAN, declare under penalty of perjury that:

I am a party in the writ of habeas corpus case no. C-07-3412 SI(PR); I have read the documents therein and know the contents thereof; and the same is true of my own knowledge, except as to matters stated therein upon information and belief, and as to those matters I believe they are true.

Executed this 15th day of August 2007, at San Quentin State Prison, San Quentin, California 94974.


S/S *Christopher Boatman*
    Christopher Boatman

1  HC06CRWR678180-GDH-cm

8        SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
9                         CENTRAL DIVISION

11  In re                          )  No. 06CRWR678180   Dept. 71
                                   )
12  CHRISTOPHER BOATMAN,           )
                                   )  ORDER
13          Petitioner             )
                                   )
14  On Habeas Corpus.              )
                                   )
15

16          Having considered the petition for writ of habeas corpus
17  filed on December 18, 2006, the court finds that existing evidence
18  does not warrant the requested relief.
19          Petitioner challenges the Parole Board's decision to
20  deny his parole. According to the record, petitioner was convicted
21  of second-degree murder and sentenced to 15 years to life, plus a
22  one-year enhancement for use of a firearm. The Board of Parole
23  Hearings granted petitioner's parole on April 6, 2005, after
24  having previously denied him parole six times. (Exhibit A to
25  petition.) However, the Governor reversed the Board's decision on
26  August 24, 2005. (Exhibit B to petition.)
27          On June 29, 2006, the Parole Board conducted another
28  review of petitioner's case and denied his parole. (Exhibit C to

1  petition, pp. 64-66.)  The Board relied largely on the seriousness
2  of the underlying offense.  (*Id.* at p. 64.)  The Board found that
3  "[t]he crime was very cruel", and "was done or planned without
4  feeling bad about hurting others."  (*Id.* at 64:11-13.)  The Board
5  also noted that "[t]he reason for the crime was small compared to
6  the hurt it caused."  (*Id.* at 64:14-15.)  In addition, the Board
7  noted that the crime was carried out in a cruel and callous
8  manner, and that it was an execution-style murder.  (*Id.* at 64:19-
9  23.)  "The motive for the crime was inexplicable in the [*sic*]
10 relationship to the offense."  (*Id.* at 64:25-26.)  The Board
11 pointed out that the victim had given the petitioner the money,
12 that petitioner had gotten the gun and put bullets in it, and
13 drove down to the crime scene.  (*Id.* at 65:1-3.)  Petitioner knew
14 that someone was going to get killed, especially because
15 petitioner's associate made a statement that there would be no
16 witnesses.  (*Id.* at 65:3-6.)

17        In addition, the Board noted that although petitioner
18 has no record of prior violence or assaultive behavior, he was on
19 probation at the time of the underlying offense, so petitioner had
20 failed to profit from society's attempt to correct his criminal
21 behavior.  (*Id.* at 65:9-12.)  Prior to the underlying offense,
22 petitioner had raped a minor, and had also snatched a woman's
23 purse.  (*Id.* at 65:14-16.)  Therefore, the petitioner's pattern of
24 criminal conduct was escalating, and he was "like a one-man crime
25 spree."  (*Id.* at 65:10, 17-18.)  However, the Board did observe
26 that petitioner had been doing very commendable things since his
27 incarceration, and that he should keep going because he was on the
28 right track.  (*Id.* at 65:19-22.)

1    Whether or not this court agrees with the Board's
2 conclusion, its decision may not be overturned so long as it is
3 supported by "some evidence." (See, e.g., In re Fuentes (2005) 135
4 Cal.App.4th 152, In re Shaputis (2005) 135 Cal.App.4th 217, In re
5 Lowe (6th Dist. 2005) 130 Cal.App.4th 1405, Rosas v. Nielsen (9th
6 Cir. 2005) 428 F.3d 1229, In re DeLuna (2005) 126 Cal.App.4th 585,
7 In re Scott (2005) 119 Cal.App.4th 871, In re Van Houten (2004)
8 116 Cal.App.4th 339, Biggs v. Terhune (9th Cir. 2003) 334 F.3d 910,
9 and In re Rosenkrantz (2002) 29 Cal.4th 616.)  To the extent that
10 petitioner asks the court to apply a different standard, the court
11 must follow the holdings of the Supreme Court and Courts of
12 Appeal, which require application of the "some evidence" standard
13 of review.

14    Here, the court finds that there was at least some
15 evidence that releasing petitioner could pose an unreasonable risk
16 to society or a threat to public safety, because of the violent
17 nature of the original offense, and the escalating pattern of
18 petitioner's criminal conduct before the murder.  The facts on the
19 record tend to show that the underlying offense was "especially
20 heinous, atrocious, or cruel."  Petitioner participated in an
21 armed robbery that resulted in the execution-style murder of a 19-
22 year-old man.  Petitioner provided the loaded gun that was used to
23 kill the victim, and he participated in the crime even after he
24 heard his associate's statement that there would be no need to
25 worry about witnesses.  Petitioner assumed a leadership role in
26 the crime, and volunteered to stand lookout rather than just drive
27 to the store.  Therefore, even though petitioner claims that he
28 thought no one would get hurt, the Board was entitled to conclude

that petitioner had reason to believe that innocent people might be hurt during the robbery, and that petitioner had not sufficiently accepted responsibility for his part in the victim's murder.

Petitioner had also been involved in other crimes before the murder, including sex with a 14-year-old girl when he was 18, and snatching a woman's purse. (Exhibit C, pp. 12-14.) Petitioner spent six months in jail for grand theft related to the purse-snatching incident. (*Id.* at p. 15.) Petitioner also stole tapes from a music store. (*Id.* at p. 14.) He was on probation at the time of the murder. (*Id.* at p. 65.) Therefore, the Parole Board had at least some evidence to believe that the murder was not an isolated incident, but rather part of an escalating pattern of criminal conduct, and that petitioner might not profit from society's efforts to rehabilitate him in prison. Consequently, the court cannot overturn the Parole Board's decision.

Petitioner has also argued that the Board is estopped from revisiting the issue of whether to grant his parole, since the Board's prior decision to grant parole acts as collateral estoppel and thus bars re-litigation of the same question already decided at the prior board hearing. However, the doctrine of collateral estoppel only applies where there was a final judgment on the merits in the prior proceeding. (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341.) Here, there was no final "judgment", since the Governor overturned the Parole Board's decision before it became final.

In any event, petitioner's argument would lead to an inequitable and absurd result, since it would take away the Parole

COUNTY OF FRESNO
Fresno, CA

HC06CRWR678180-GDH

-4-

1  Board's power to examine an inmate's eligibility for parole in any
2  case where the Board had previously granted parole but the
3  Governor had overturned the Board's decision. Thus, according to
4  petitioner's logic, the Board would have to grant the inmate's
5  parole automatically without examining whether new events or
6  information might warrant denial. The Governor would then be
7  placed in the role of a *de facto* parole board, since only the
8  Governor would have the power to grant or deny parole. Barring
9  the Board from further review of the parole status of an inmate
10 would thus defeat the legislature's intent to have the Board
11 conduct the initial parole hearing, and to have the Governor
12 approve or reverse the Board's decision. The court cannot adopt a
13 rule that would lead to such inequitable results.
14         The petition is denied.
15         DATED this  5th  day of January, 2007.

                             H. CHITTICK
                         _____
                         Hilary A. Chittick ~~GARY D. HOFF~~
                         Judge of the Superior Court

COUNTY OF FRESNO
Fresno, CA
HC06CRWR678180-GDH

-5-

IN THE

# Court of Appeal of the State of California

IN AND FOR THE

## Fifth Appellate District

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
F I L E D

FEB 0 8 2007

LEISA V. BIGGERS, CLERK/ADMINISTRATOR
By_____
Deputy

| In re | F052065 |
|---|---|
| CHRISTOPHER BOATMAN, | |
| On Habeas Corpus. | |

BY THE COURT*:

The "Petition For Writ Of Habeas Corpus," filed in this court on January 23, 2007, is denied.

_____ Acting P.J.

*Before Harris, Acting P.J., Cornell, J., and Gomes, J.

Court of Appeal, Fifth Appellate District - No. F052065
**S150361**

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

In re CHRISTOPHER BOATMAN on Habeas Corpus

The petition for review is denied.

SUPREME COURT
**FILED**

MAY - 9 2007

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
Chief Justice

## PROOF OF SERVICE

### C.C.P. section 1013a & 2015.5; 28 U.S.C. section 1745

I, CHRISTOPHER BOATMAN, am a resident of San Quentin State Prison, in the County of Marin, State of California, am over the age of eighteen (18) years and am a party to the above-entitled action. My State prison address is San Quentin Prison, San Quentin, California 94974.

On August 15, 2007, I served the foregoing information to which was a NOTICE OF ERRATA on the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereon fully paid, in the United States mail, in a deposit box so provided by the U.S. Postal Service, addressed as follows:

Clerk of the Court for the
Federal District for the
Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102-3483

There is delivery service by United States mail at the places so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed. I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of August 2007.

SS *Christopher Boatman*
Christopher Boatman
Petitioner Pro-se