United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER BOATMAN,           No. C 07-3412 SI (pr)

    Petitioner,                     **ORDER TO SHOW CAUSE**

    v.

ROBERT AYERS, warden,

    Respondent.
                                    /

## INTRODUCTION

Christopher Boatman, an inmate at San Quentin State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His motion for appointment of counsel also is before the court for its consideration.

## BACKGROUND

Boatman reports in his petition that he was convicted in Fresno County Superior Court of second degree murder with use of a firearm and was sentenced to 16 years to life in prison in May 1986. His petition does not challenge his conviction but instead challenges a June 29, 2006 decision by the Board of Parole Hearings ("BPH") that found him unsuitable for parole. Boatman alleges that he filed unsuccessful state habeas petitions before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Boatman alleges three claims in his petition: First, he contends that the BPH violated his right to due process "when it denied petitioner parole under the pressure of the Governor, the only difference between the April 6, 2005 hearing and the June 29, 2006 hearing was the Governor's reversal of the grant of parole, and otherwise, only positive chances occurred concerning petitioner's suitability." Petition, attach., p. 1. He alleges that he "did not receive a fair and impartial hearing." Id. This due process claim is cognizable and warrants a response.

Second, Boatman contends that the BPH decision breached his plea agreement in violation of his rights to due process and equal protection. Although the due process claim is readily understandable, Boatman did not mention equal protection other than in the heading for this claim and his argument does not suggest an equal protection violation. Only the due process claim warrants a response.

Third, Boatman contends that his right to due process was violated when the BPH "ignored the doctrines of res judicata and collateral estoppel when the Board relitigated factors and reversed their findings that had been litigated and decided at his 2005 parole hearing." Petition, attach., p. 15. The third claim is dismissed without leave to amend because it does not assert a claim for a violation of the Constitution, laws or treaties of the United States as is necessary for federal habeas relief under 28 U.S.C. § 2254. Although Boatmen mentions the right to due process, he does not cite nor is the court aware of any U.S. Supreme Court authority

standing for the proposition that the Fourteenth Amendment's Due Process Clause requires state administrative agencies to adhere to the doctrines of collateral estoppel and res judicata. And Boatman's mention of the Double Jeopardy Clause does not help him because the Double Jeopardy Clause has no application to the parole eligibility proceedings.

Boatman has moved for appointment of counsel to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. Based on the materials in the court file, it does not appear that appointment of counsel is required in this action to prevent a due process violation. Even though an attorney representing Boatman on appeal has expressed a willingness to be appointed in this action, the court does not see either the facts or the legal issues in this action as complicated. The motion for appointment of counsel is denied.

## CONCLUSION

For the foregoing reasons,

1. The due process claims warrant a response from respondent. The equal protection, res judicata, collateral estoppel and double jeopardy claims are dismissed.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **January 25, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed

3

1 | and that are relevant to a determination of the issues presented by the petition.

2 |     4.    If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **February 29, 2008**.

    5.    Petitioner's motion for appointment of counsel is DENIED.  (Docket # 4.)

IT IS SO ORDERED.

DATED:  November 14, 2007

                              SUSAN ILLSTON
                              United States District Judge