# EXHIBIT 3

LIFE PRISONER EVALUATION REPORT
SUBSEQUENT PAROLE CONSIDERATION HEARING
JUNE 2006 CALENDAR

BOATMAN, CHRISTOPHER                                                                 D65055

I.   **COMMITMENT FACTORS:**

   A.   **Life Crime:**

   Boatman was convicted of 2nd Degree Murder, 187 PC, with use of Firearm (pistol), 12022(A) PC; Fresno County Case number 1-31-97. The victim was John Sousa, age 19. He was received in the Department of Corrections (CDC) on 9/3/87 with a term of 15 years to life, with a Minimum Eligible Parole Date (MEPD) of 1/31/97

   1.   **Offense Summary:**

   At approximately 1200 hours on 5/29/86, Inmate Boatman was driving his car with his co-defendants, Harold W. Jones and Roland Montgomery. The three of them had been free-basing cocaine and decided they needed more money to buy more drugs. Boatman drove past a small store in Lanare, which they decided not to rob because there were too many cars. At approximately 1230 hours they stopped at the home of Chris Besel and found Mr. Besel working on his motorcycle. The four of them were talking when Jones went to the car to retrieve a .22 caliber handgun, which belonged to Boatman's stepmother. Jones shot a can and told Mr. Besel how they had planned to rob the store in Lanare, but instead decided to rob the 41 Market. Mr. Besel told them that they were known, and would be identified and caught. Jones said that they would not need to worry about that. The three men left Mr. Besel's and drove to the 41 Market in Riverdale. Jones and Boatman entered the store. Boatman stood by the door and acted as a lookout. Jones confronted the 19-year-old store clerk, John Sousa, pointed the gun at him and ordered him not to move. Jones then ordered Mr. Sousa to give him the money. Mr. Sousa opened the cash register, gave Jones $100 then turned away. Jones shot Mr. Sousa in the back of the neck then fled to Boatman's vehicle. Another customer discovered Mr. Sousa at 1350 hours. The cash drawer was on the counter and the safe was opened. The customer called for help. Mr. Sousa was taken to the hospital where he later died from a single .22 caliber wound to the back of his neck. On 5/30/86 an anonymous caller identified the perpetrators. On 6/2/86, a search of Boatman's house revealed the murder weapon. Boatman and Montgomery were arrested. Jones fled to Texas where he was arrested on 8/7/86.

BOATMAN, CHRISTOPHER     D65055                CSP-SQ                SUB. JUNE 2006

PAGE 1 OF 8

2. **Prisoner's Version:**

Boatman stated him, Butch Montgomery, and Harold Jones had actually driven by three stores that they had considered robbing prior to settling on the 41 Market. Boatman added that he was supposed to be the getaway driver and stay in the car; however, in his drug induced state of mind he was concerned that if he was not more active, Jones would keep all the money. Upon arrival at the 41 Market, Boatman stated he asked Montgomery to drive so that he could be the lookout. As they fled, Boatman asked Jones why he shot the clerk and Jones reported that he thought the clerk was reaching for a gun. After the offense, Boatman dropped off the two co-conspirators at their house then returned to his home and deflated a tire to make it appear that his car was disabled. He then walked back to Jones and Montgomery's house where he found out that there were no drugs available to buy.

B. **Aggravating/Mitigating Circumstances:**

1. **Aggravating Circumstances:**

   a) The victim was particularly vulnerable due to his job as a store clerk in an isolated area.
   b) During the commission of the crime, Boatman had a clear opportunity to cease, but instead continued.
   c) Boatman was on probation at the time the crime was committed.

2. **Mitigating Circumstances:**

   None.

   **Multiple Crimes:**

   Count 2, Robbery, 211 PC; Fresno County Case number 351031-0; sentence: dismissed.

II. **PRECONVICTION FACTORS:**

A. **Juvenile Record:**

None.

B. **Adult Convictions and Arrests:**

On 4/30/84 Boatman was arrested by the Fresno County Sheriff's Office for two counts of Rape with Force and Fear. His court appearance was delayed because the victim was not cooperative. On 9/21/84, Boatman was arrested by the San Luis

BOATMAN, CHRISTOPHER   D65055              CSP-SQ              SUB. JUNE 2006

Obispo Police Department for Grand Theft, 487(2) PC and Possession of a Weapon, 11022(B) PC. Boatman had committed a purse snatch and was in possession of a tire iron when arrested. He was sentenced on 12/19/84 to six months in jail and three years probation with the condition that he was not to be in possession of a weapon. He was also ordered to pay $75 fine and $126 in restitution. Boatman was transported in custody to face the Rape charges in Fresno County upon completion of his six-month sentence. He was released from the Fresno County Jail when the charges were reduced to Illegal Sexual Intercourse with a Minor, then dismissed. Upon review of the Arrest Report, the alleged victim in this case was a 14-year-old high school truant. Boatman stated that he was one of the many boys who had sex with the victim and shared marijuana with her. On her third day of cutting classes she was caught by a Truant Officer and upon questioning regarding her whereabouts, she tried to deflect responsibility by alleging that Boatman raped her. On 8/13/85, the authorities in Fresno accepted Boatman's probation, he apparently reported regularly. On 4/23/85, Boatman was arrested by the Fresno Police Department for Petty Theft. On 7/29/85, he was sentenced to 60 days in jail, 58 days suspended and one-year probation.

C.   **Personal Factors:**

Boatman was born in Covington Louisiana, on July 25th in 1965, the 3rd of 6 children to Aieda Phillips. His mother moved the family to the Fresno area when he was an infant where his mother met and married Jim Boatman. Mr. Boatman became the father figure and supported his family through a variety of labor-intensive jobs ranging from milking cows to drilling wells. As the children grew, his mother took a position as a teacher's aide. When Boatman was fourteen years old, his parents divorced. His father remained in Riverdale and his mother moved to Fresno. At the age of 15, Boatman chose to live with his father because he got along with him well. Shortly thereafter, his father developed a relationship with a woman that Boatman considered his stepmother. As a young teenager, Boatman worked with his father drilling wells and milking cows and played a variety of sports. He dropped out of Riverdale High School after completing the eleventh grade. He did not pursue further educational or vocational training nor did he belong to any clubs or organizations. After leaving high school, Boatman moved to Fresno to live with his mother and the man she had developed a relationship with. Boatman worked at his stepfather's liquor store as a stock boy and was considering returning to school. He started smoking marijuana and drinking alcohol at the age of 14. His drug use became a problem in high school and was partially responsible for his dropping out. While visiting the beach in San Luis Obispo at age 18, he was arrested for purse snatching. After serving six months in the County Jail he was transported back to Fresno to face the charge of illegal sex with a minor, which was subsequently dismissed. His probation was accepted by the Fresno County Authorities and he reported regularly and worked for his stepfather. However, his drug use continued. Boatman Reports that he went to his father's house to visit for a weekend and ended up staying for a month. He started associating with his co-defendants and his drug used escalated

dramatically. By the time of the instant offense, Boatman's addiction to drugs, including cocaine, was out of control. Throughout the court proceedings Boatman was housed in the jail of an adjacent County because of his cooperation with the prosecutors. His co-defendant remains listed as an enemy.

III. **POSTCONVICTION FACTORS:**

**Special Accommodations/Disability:**

Boatman stated that no accommodations are necessary for the purpose of effective communication per the Armstrong Remedial Plan.

A. **Custody History:**

Boatman was received in the CDC at the Northern Reception Center located at the California Medical Facility (CMF) in Vacaville, Ca on 9-3-87 with a 15 year to Life term and a custody of Close BR. With a level IV Classification Score, he sent to the general population at San Quentin State Prison on 9/24/87, and his custody remained Close BR by the UCC and he was assigned as a housing unit porter. Boatman appeared before the UCC for his Annual review on 11/17/88 and Committee recommended a transfer. Boatman was transferred to Folsom State Prison on 2/15/89 as part of the large-scale exodus of all level IV general population inmates from San Quentin. At Folsom, Boatman was given Close AR custody and assigned to work with the Recreation Department as a Boxing Trainer. Boatman's custody was returned to Close BR on 11/7/89. On 9/5/90, Boatman attended his first BPT Documentation Hearing. The BPT's primary recommendation was that he update academically, participate in self-help groups and reminded to remain disciplinary-free. Following the BPT Hearing, on 10/10/90 Boatman was transferred to Corcoran State Prison noting his positive programming and falling classification score. At Corcoran, Boatman was given Close B custody and assigned to the Yard Crew. Less than three months later, on 1/9/91, Boatman was placed in segregated housing after being charged with the involvement of a homicide of a close family friend of a staff member. On 2/20/91 he was transferred to the California Training Facility at Soledad where his custody was reduced to Medium AR. While there, he took and failed the GED Test. He was re-assigned to a housing unit porter's position for the next year where the supervisor reported that he was a good worker. On 11/5/92, Boatman was transferred to California State Prison at Solano (CSPS) per his request to facilitate visiting with his brother who lived in Vallejo and start an educational program. His custody remained Medium AR and he was assigned to the general workers and school waiting lists. He was assigned as a housing unit porter for a short time, and then transferred to school where he would remain for several months. Boatman's classification score had fallen sufficiently to be considered for placement at a level II facility. On 12/13/93, Boatman was transferred to San Quentin State Prison with custody set at Med AR. The 11/22/93 BPT Hearing members recommended that he remain disciplinary-free, upgrade academically and vocationally, and participate in

BOATMAN, CHRISTOPHER    D65055            CSP-SQ            SUB. JUNE 2006

self-help groups. On 1/7/94, he was assigned to Voc. Welding at his Annual Review. On 3/15/96, Boatman appeared before the Institutional Classification Committee (ICC) and the Committee acted to remove the 'R' suffix and set custody at Med. A. On 6/18/96, Boatman appeared before the BPT and parole was denied 2 years with recommendations to upgrade academically remain disciplinary free and participate in self-help programs. On 9/26/97 he appeared before the Unit III UCC, the committee acted to continue his present program. 6/30/98 he appeared before the Board and was denied 2 years with recommendations to upgrade academically participate in self-help programs. Boatman continues to program and attend Narcotics Anonymous. On 9/21/00, he appeared before the UCC for his Annual Review and the committee acted to continue his present program. On 3/8/01 Boatman appeared for his post board review after his 2/28/01 hearing. Parole was denied one year. On 9/6/01 and 9/12/02 he appeared for his annual review, UCC acted to continue his present program in the Vocational Machine Shop. On 8/7/03, he appeared before the UCC for his Post Board Review, parole was denied one year. On 8/28/03, he appeared for his annual review. UCC acted to continue his present program. On 9/30/04, Boatman appeared before UCC for Post Board Review following his 7/17/04 BPT Hearing. BPT acted to postpone his hearing until the next available calendar due to some clarification needed on his psych report. On 4/14/05, Boatman appeared before UCC for a Post Board Review following his 4/7/05 BPT Hearing. BPT granted parole. On 9/2/05, Boatman received an Indeterminate Sentence Parole Release Review Decision from the Governor's Office to reverse the BPT decision to grant parole citing, "Boatman may not fully grasp the consequences of his actions or the magnitude of his role in the murder." Boatman is currently assigned to Vocational Plumbing.

B.  **Therapy & Self-Help Activities:**

**CHRONOS:**

**Narcotics Anonymous:** 4/15/94, 7/15/94, 11/10/94, 2/1/95, 5/26/95, 7/28/95, 10/12/95, 1/24/96, 4/18/96, 7/16/96, 10/21/96, 1/27/97, 4/16/97, 6/30/97, 10/10/97, 4/8/98, 7/9/98, 10/15/98, 1/15/99, 4/5/99, 7/5/99, 10/5/99, 1/21/00, 4/7/00, 7/26/00, 10/6/00, 1/18/01, 4/18/01, 10/29/01, 1/7/02, 7/3/02, 10/7/02, 1/14/03, 4/14/03, 7/2/03, 10/1/03, 12/29/03, 3/29/04, 6/21/04, 9/30/04, 12/31/04, 1/31/05, 6/30/05, 9/30/05, 12/30/05, 4/5/06.
**Alternative to Violence Project:** 11/2/94.
**Advanced Alternative to Violence:** 4/2/00.
**San Quentin Walk-A-Thon:** 6/15/95,
**KAIROS:** 10/9/00, 2/14/01, and 2/17/03, 10/13/03, 2/16/04.
**Centering Prayer:** 8/14/01.
**Spirituality Class:** 2/3/03, 3/31/03, 9/30/03, 12/1/03, 4/1/04, 7/1/04, 9/30/04, 12/31/04, 3/31/05, 6/30/05, 9/30/05, 3/31/06.

BOATMAN, CHRISTOPHER    D65055            CSP-SQ            SUB. JUNE 2006

Laudatory: 7/21/90, 4/23/96, 9/24/96, 4/23/98, 10/15/98, 7/9/98, 10/15/98, 1/15/98, 4/5/99, 7/5/99, 1/21/2000, 4/7/2000, and 7/26/2000.

**Responsibility, Rehabilitation, and Restoration Ecumenical Roundtable:** 9/30/05, 6/30/05.

From Violence to Wholeness: 6/30/05.

CRETIFICATES:

| Date | Course |
|---|---|
| 1/23/06 | Core Curricula |
| 2/9/00 | SANDVIK Home Study Course: Chromatic Cutting Tools |
| 1/13/99 | Machine Tool Technology Program. |
| 6/23/97 | Engine Lathe. |
| 5/3/96 | KATARGEO |
| 9/26/95 | Making a Change. |
| 6/30/95 | Orientation of Machine Tool Technology. |
| 12/21/94 | Shielded Metal Arc Welding. |
| 12/21/94 | Welding Qualifications. |
| 12/21/94 | Tools and Equipment. |
| 12/21/94 | Technical & Related Training. |
| 12/21/94 | Job Training. |
| 12/21/94 | Welding Certification (Vertical, Horizontal, Overhead). |
| 12/20/94 | Welder Performance Qualification. |
| 6/17/94 | Oxy/Fuel, Weld, Cut, and Braze. |
| 2/10/94 | Industrial Safety. |
| 2/10/94 | Orientation, Industrial Safety. |
| 11/20/93 | Narcotics Anonymous |
| 3/29/93 | Apprentiship for Machinist/ Welder |

C.  **Disciplinary History:**

CDC 115's:

None.

CDC 128A's:

| Date | Description |
|---|---|
| 4/22/99 | Not Standing For Count |
| 8/5/93 | Contraband |

BOATMAN, CHRISTOPHER   D65055          CSP-SQ          SUB. JUNE 2006

_____

B. EBERT
Correctional Counselor I


_____

V. KELLEY
Correctional Counselor II


_____

C. BELSHAW
Correctional Counselor III, C&PR

# LIFE PRISONER: POSTCONVICTION PROGRESS REPORT

- ☐ DOCUMENTATION HEARING
- ☒ PAROLE CONSIDERATION HEARING
- ☐ PROGRESS HEARING.
- ☐

**INSTRUCTIONS**
TO CDC STAFF: DOCUMENT EACH 12-MONTH PERIOD FROM THE DATE THE LIFE TERM STARTS TO PRESENT.
TO BPT STAFF: FOR EACH 12-MONTH INCREMENT APPLY THE GUIDELINES UNDER WHICH THE PAROLE DATE WAS ORIGINALLY ESTABLISHED, i.e., 0-2 MONTHS FOR PBR AND 0-4 MONTHS FOR BPT. SEE BPT §§2290 - 2292, 2410 AND 2439.

| POSTCONVICTION CREDIT | | | REASONS |
|---|---|---|---|
| YEAR | BPT | PBR | |
| 5/1/03 TO 4/30/04 | | | **Placement:** Remained at San Quentin II, general population.<br><br>**Custody/Classification:** Medium A custody, score 19. On 8/7/03, he appeared for his post board review. Parole was denied one year. He appeared before the UCC for his annual review on 8/28/03. UCC acted to continue his present program.<br><br>**Academics:** None.<br><br>**Work Record:** Remained assigned to the Vocational Machine Shop with satisfactory progress reports noted.<br><br>**Group Activities:** Boatman received the following chronos of his participation in Narcotic Anonymous 6/21/04, 3/29/03, 10/1/03, 7/2/03, KAIROS 2/16/04, 10/13/03 and his Spirituality Class 12/1/03, 9/30/03, 6/31/03, 2/3/03.<br><br>**Psychiatric Treatment:** None.<br><br>**Prisoner Behavior:** Excellent remained disciplinary free. |
| 5/1/04 TO 12/31/04 | | | **Placement:** Remained at San Quentin II, general population.<br><br>**Custody/Classification:** Medium A custody, score 19. He appeared before the UCC for his annual review. UCC acted to continue his present program.<br><br>**Work Record:** Remained assigned to the Vocational Machine Shop with satisfactory progress reports noted.<br><br>**Group Activities:** Boatman received the following chronos for his participation in Narcotics Anonymous 6/24/04.<br><br>**Psychiatric Treatment:** None.<br><br>**Prisoner Behavior:** Excellent remained disciplinary free. |

CORRECTIONAL COUNSELOR SIGNATURE         DATE 5/23/06

| NAME | CDC NUMBER | INSTITUTION | CALENDAR | HEARING DATE |
|---|---|---|---|---|
| BOATMAN, CHRISTOPHER | D65055 | CSP-SQ | | SUB. JUNE 2006 |

BPT 1004 (REV.7/86)                               PAGE 1 OF 2

| POSTCONVICTION CREDIT | | | REASONS |
|---|---|---|---|
| YEAR | BPT | PBR | |
| 1/1/05 TO 1/1/06 | | | Placement: San Quentin II, general population.<br>Custody/Classification: Medium A, classification score 19.<br>Academics: None.<br>Work Record: He was assigned to the Vocational Plumbing program with satisfactory work supervisor reports noted.<br>Group Activities: He has received chronos for the following: Narcotic Anonymous dated 1/31/05, 6/30/05, 9/30/05, 12/30/05. Spirituality class dated 3/31/05, 9/30/05. Responsibility, Rehabilitation, and Restoration Ecumenical Roundtable dated 6/30/05, 9/30/05. From Violence to Wholeness dated 6/30/05.<br>Psychiatric Treatment: None.<br>Prisoner Behavior: Exceptional, he has remained disciplinary free this period.<br>Other: None. |
| 1/2/06 TO Present | | | Placement: San Quentin II, general population.<br>Custody/Classification: Medium A, classification score 19.<br>Academics: None.<br>Work Record: He is assigned to the Vocational Plumbing program with satisfactory work supervisor reports noted.<br>Group Activities: He has received chronos for the following: Narcotics Anonymous dated 4/5/06. Spirituality class dated 3/31/06.<br>Psychiatric Treatment: None.<br>Prisoner Behavior: Exceptional, he has remained disciplinary free for this period.<br>Other: He has received a certificate for the following: Core Curricula dated 1/23/06. |

ORDER:
☐ BPT date advanced by _____ months.     ☐ BPT date affirmed without change.
☐ PBR date advanced by _____ months.     ☐ PBR date affirmed without change.

SPECIAL CONDITIONS OF PAROLE:
☐ Previously imposed conditions affirmed.
☐ Add or modify _____

☐ Schedule for Progress hearing on appropriate institutional calendar.

| NAME | CDC NUMBER | INSTITUTION | CALENDAR | HEARING DATE |
|---|---|---|---|---|
| BOATMAN, CHRISTOPHER | D65055 | CSP-SQ | | SUB. JUNE 2006 |

BPT 1004 (REV.7/86)            PAGE 2 OF 2

LIFE PRISONER: POSTCONVICTION PROGRESS REPORT

- [ ] DOCUMENTATION HEARING
- [X] PAROLE CONSIDERATION HEARING
- [ ] PROGRESS HEARING.
- [ ]

**INSTRUCTIONS**
TO CDC STAFF: DOCUMENT EACH 12-MONTH PERIOD FROM THE DATE THE LIFE TERM STARTS TO PRESENT.
TO BPT STAFF: FOR EACH 12-MONTH INCREMENT APPLY THE GUIDELINES UNDER WHICH THE PAROLE DATE WAS ORIGINALLY ESTABLISHED, i.e., 0-2 MONTHS FOR PBR AND 0-4 MONTHS FOR BPT. SEE BPT §§2290 - 2292, 2410 AND 2439.

| POSTCONVICTION CREDIT | | | REASONS |
|---|---|---|---|
| YEAR | BPT | PBR | |
| 5/1/03 TO 4/30/04 | | | Placement: Remained at San Quentin II, general population. Custody/Classification: Medium A custody, score 19. On 8/7/03, he appeared for his post board review. Parole was denied one year. He appeared before the UCC for his annual review on 8/28/03. UCC acted to continue his present program. Academics: None. Work Record: Remained assigned to the Vocational Machine Shop with satisfactory progress reports noted. Group Activities: Boatman received the following chronos of his participation in Narcotic Anonymous 3/29/03, 10/1/03, 7/2/03, 4/1/04. KAIROS 2/16/04, 10/13/03, 2/16/04 and his Spirituality Class 12/1/03, 9/30/03, 6/31/03, 2/3/03. Psychiatric Treatment: None. Prisoner Behavior: Excellent remained disciplinary free. |
| 5/1/04 TO 2/18/05 | | | Placement: Remained at San Quentin II, general population. Custody/Classification: Medium A custody, score 19. He appeared before the UCC for his annual review. UCC acted to continue his present program. He appeared for his Post Board Review on 9/30/01 after his hearing was postponed. Work Record: Remained assigned to the Vocational Machine Shop with satisfactory progress reports noted. Group Activities: Boatman received the following chronos for his participation in Narcotics Anonymous 6/21/04, 6/29/04, Spirituality Class 7/1/04. Psychiatric Treatment: None. Prisoner Behavior: Excellent remained disciplinary free. |

CORRECTIONAL COUNSELOR SIGNATURE   DATE 2/15/05

| NAME | CDC NUMBER | INSTITUTION | CALENDAR | HEARING DATE |
|---|---|---|---|---|
| BOATMAN, CHRISTOPHER | D65055 | CSP-SQ | | SUB. APRIL 2005 |

BPT 1004 (REV.7/86)               PAGE 1 OF 1