# EXHIBIT 4

FILED
CONFIDENTIAL

JUN 1 - 1987

FRESNO COUNTY CLERK
By _____
        CHRISTOPHER BOATMAN, DEPUTY

MAY 22 1987

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff

vs.

CHRISTOPHER BOATMAN  
T/N  Bertran Boatman    Defendant

ACTION NUMBER   351031-0

REPORT AND RECOMMENDATION OF THE PROBATION OFFICER

Probation No.  162154  
CII  A07531227    FBI  222694CA7  
///SO  165833       DA   86S0294B  
Race:  Black

TO THE HONORABLE JUDGE OF THE ABOVE ENTITLED COURT:

Pursuant to the statutes and at the direction of the court, your probation officer hereby respectfully submits the following report and recommendation as to the above named defendant, after ( ) conviction in court trial ( ) verdict in jury trial (X) plea: Guilty

| | |
|---|---|
| 6058 North Colonial, Fresno, CA | PC 187, Second Degree Murder |
| Address | Charge(s) |
| 21 (7-25-65)  /  538 days | May 29, 1986 |
| Age         Time in Custody | Date of Offense |
| Marshall Hodgkins    808 "M" Street | June 2, 1986 |
| Attorney    Fresno, CA  93721 | Date of Arrest |
| May 26, 1987        9:00 a.m. | Gene Gomes             Ten |
| Date of Sentencing   Time | Judge                  Dept. |

BRIEF SUMMARY OF FACTS:

On May 29, 1986, defendant Boatman and Harold Jones robbed the Highway 41 Market in Riverdale. During the course of the robbery, Harold Jones shot and killed 19-year-old John Sousa, the store clerk.

4255

OPENING STATEMENT

On December 17, 1986, defendant Christopher Boatman entered a plea of guilty to a violation of Penal Code Section 187, Second Degree Murder, and admitted the allegations within the meaning of Penal Code Section 2022(b), that during the commission of the crime, he was armed with a gun. It is your officer's understanding that the defendant's plea was entered on the condition that although he would be committed to the California Department of Corrections if acceptable, he would be housed at the California Youth Authority pursuant to the provisions of Welfare and Institutions Code Section 1731.5. An additional condition to the defendant's plea was that he waive time for sentencing and that he not be sentenced until after the trial of the co-defendant, Harold Jones, which was originally scheduled to occur in February of 1987.

Following the defendant's plea, sentencing was scheduled for March 3, 1987 and a referral was directed to the Probation Department for the preparation of a Presentence Report and Recommendation. On that date as on two other occasions, the matter was continued as the defendant was being held in protective custody in another county and was not available for a probation interview. He last appeared for sentencing on May 11, 1987 and sentencing was again continued until May 26, 1987. Your officer has interviewed the defendant and a report and recommendation will be filed with the Court prior to sentencing.

CO-DEFENDANTS

On April 17, 1987, Harold Jones was found guilty of a violation of Penal Code Section 187, First Degree Murder. The jury also found true the special circumstances within the meaning of Penal Code Section 190.2(a)(17)(i), that the murder occurred during the commission of a robbery, as were the allegations within the meaning of Penal Code Section 12022.5, Personal Use of a Gun. Additionally, Jones was found guilty of a violation of Penal Code Section 211, Robbery, and again the allegations within the meaning of Penal Code Section 12022.5, Personal Use of a Gun, were found true. On May 15, he was committed to the California Department of Corrections for the term of Life Without Possibility of Parole.

Roland Montgomery is scheduled to appear to appear for a preliminary hearing in Municipal Court on May 21, 1987.

CIRCUMSTANCES OF THE OFFENSE

The following information was obtained from the transcript of the preliminary hearing regarding defendant Boatman on July 8, 1986 in Department Two of the Municipal Court, from the transcript of the preliminary examinations held regarding Harold Jones on October 1, 2 and 6, 1986, from the Fresno Sheriff's Department Crime Report #86-11495, and from information contained in the District Attorney's file.

-2-

At approximately 1:50 p.m. on May 29, 1986, Chester Barnes left his residence to go to the 41 Market to buy some cigarettes. When he arrived at the market, which was located at South Elm in Riverdale, he didn't see anyone in the store so he asked, "Anybody home?", and when no one answered, he looked around. When Mr. Barnes looked over the counter, he observed that there was a cash drawer and checkbook lying on top of the counter and the safe right behind the counter was open. He then saw 19-year-old John Sousa lying on the floor on his back. There was blood running out of Sousa's mouth and he wasn't making any movement. After observing Sousa, Mr. Barnes ran out the door and hollered at Merritt Crayne for help. Barnes told him to call an ambulance and the Sheriff as there had been a robbery and something had happened at the store.

The Sheriff's Office responded to the scene and John Sousa was transported to Valley Medical Center where he later died. It was later determined that he had died as a result of a single gunshot wound to the back of his neck. The type of weapon from which the bullet had been fired was a .22 caliber revolver.

On May 30, 1986, Detective Johansen received an anonymous telephone call from an individual who stated that the people responsible for the murder of John Sousa were Bert Boatman, Butch Montgomery, and Harold Jones. The caller stated that he had received the information from a friend who had seen the three people at the 41 Market the previous day. According to the caller, his friend knew these three people and was in fear of his life as the three knew that he had seen there at the store.

During a subsequent investigation, it was determined that on May 29, 1986, Chris Besel was outside of his residence working on his motorcycle. At approximately 12:30 p.m., Christopher (Bert Boatman), Butch (Roland Montgomery), and Harold Jones drove up in Boatman's vehicle. All three of them exited the car and stood outside talking. After talking for awhile, Harold Jones returned to the car and retrieved a gun. He returned to the location of Boatman, Montgomery and Besel, showed the gun to them, and then shot at a can that was lying in the yard.

Although Chris Besel first reported to the police and again testified at the preliminary hearing that he was not aware that Jones, Boatman and Montgomery were planning a robbery, he later admitted that he had been lying. According to Besel, a short time after coming to his residence on May 29, 1986, Jones, Boatman and Montgomery told him they had been planning to go and rob the store in Lanare. However, there were too many cars around and they could never get to it so they had decided that they were going to rob the 41 Market. At that time, Jones told Besel that if he did anything the rest of them would tell the police that he was the boss. When Besel asked them about masks and stated to them "you know you're going to get caught, he's going to see your face", Jones stated, "We're not going to worry about that." As Besel was frightened and didn't want to be a part of anything, he told them that he was going to leave. At that time, Boatman, Jones, and Montgomery returned to Boatman's vehicle and with Boatman driving, drove to the 41 Market.

-3-

On arrival at the market, Boatman and Jones exited the vehicle and entered the market. At the time they went into the market, John Sousa, the clerk, was the only person in the store. According to information provided by Boatman, Harold Jones said to Sousa, "Give me the money" and "don't move". Jones also made a statement similar to "don't be a hero, give me the money". Then without any resistance, Sousa opened the cash register and gave Jones the money, approximately $100.00. Apparently Sousa then turned away from Jones who pulled out a gun and shot him in the back of the neck. Upon hearing the shot, Boatman, who was watching out of the front door, turned and saw Jones with the gun in his hand and Sousa falling to the floor. At that time, both he and Jones quickly left the store and returned to Boatman's vehicle, and with Boatman driving, they fled the scene.

On June 2, 1986, a search warrant was served on the residence of Christopher Boatman. Found in his mother's dresser was the gun used by Harold Jones when he fatally shot John Sousa. Boatman later admitted that the gun, which belonged to his step-mother, had been taken by him and that he had given it to Harold Jones to use during the course of the robbery.

On June 2, 1986, both Christopher Boatman and Roland Montgomery were arrested and booked into the Fresno County Jail for PC 211 and PC 187. Harold Jones had fled to the state of Texas therefore, a warrant was issued for his arrest. He was subsequently arrested in Texas on or about August 7, 1986. He was returned to Fresno County and booked into the Fresno County Jail on August 11, 1986 for PC 187 and PC 211.

## DEFENDANT'S STATEMENT

The following statement is typed exactly as submitted by the defendant, without any corrections or additions:

"I sorry for this what i have done, but i can't bring back the life of John Suza. I was using cocaine and my brain wasn't lisining to what i was doing, my dad knew I was using but i didn't listen to him. I just wish i was staying in fresno instead of coming to see some of my friends, cause this would never of happened. I pray for John and his family that all of their worries be gone. and I'm not saying this for the hell of it. when i get of of prison I'm opining up my own shop for the first time I know what I'm going to do in my life I'm a smart person, and I'm going to use my ability and knoledge when I get out. so god help John and his family because if it wasn't my car and my gun this would never of happened."

DATED: May 12, 1987            SIGNED: Bert Boatman


## VICTIM STATEMENT AND ASSESSMENT

This matter has been referred to the Victim Services Unit and an Impact Statement requested. As of the date of dictation, a statement has not been received. Should one be received prior to sentencing, it will be submitted for the Court's consideration.

-4-

## STATEMENT OF THE DISTRICT ATTORNEY

A letter requesting a statement of views has been directed to the Fresno County District Attorney's Office. As of the date of dictation, no reply has been received at the Probation Office. Should one be received prior to sentencing, it will be attached to the report for the Court's consideration.

## DEFENSE STATEMENT

A letter requesting a statement of views has been directed to the defendant's attorney, Marshall Hodgkins. As of the date of dictation, no reply has been received at the Probation Office. Should one be received prior to sentencing, it will be attached to the report for the Court's consideration.

## RESTITUTION

Restitution is an issue as the victim's family incurred funeral and burial expenses.

## PRIOR JUVENILE RECORD

The defendant has no known juvenile record.

## PRIOR CRIMINAL RECORD

The following is the defendant's prior criminal record as provided by the California Identification and Investigation Bureau and the San Luis Obispo County Probation Department:

| DATE | ARRESTING AGENCY | CHARGE | DISPOSITION |
|---|---|---|---|
| 9-21-84 | CAPD San Luis Obispo | 487(2) PC<br>12022(b) PC | 12-19-84, #12938<br>487 PC, 3 yrs prob;<br>180 ds cstdy. |

The circumstances of the above offense were that at approximately 9:00 p.m., 21-year-old Julie Ryan was walking along when the defendant and Danny Dunlap jogged past her. As the victim continued walking, a short distance away she was approached from behind by the defendant and her purse was grabbed. The two suspects then ran from the area. After the police responded to the scene, a broadcast was made of the suspects and defendant Boatman was located near the Safeway Store. After he was identified by the victim, he was arrested and booked in the county jail. It was also determined that at the time offense occurred Boatman was carrying a tire iron.

| | | | |
|---|---|---|---|
| 4-23-85 | CAPD Fresno 79816 | 488 PC | 7-29-85, #M82833-4, 1 yr prob; 2 ds cstdy. |

## PROBATION HISTORY

The defendant has never been on formal probation in Fresno County however, is currently on felony probation in San Luis Obispo County. He was placed on three years formal probation under Action #12938 on December 19, 1984. As a condition of probation, the defendant was to serve 180 days in custody, make restitution in the amount of $126.00, pay a fine in the amount of $75.00, not to have in his possession any type of weapon or firearm, and to submit to search and seizure.

At the time that the defendant was placed on probation in San Luis Obispo County, he was not a resident of that county but had been visiting there at the time the offense occurred. Therefore, after being released from custody he returned to Fresno County and the San Luis Obispo County Probation Department requested courtesy supervision by Fresno County. Courtesy supervision was accepted by Fresno County Probation on August 13, 1985 and he reported on a regular basis until his arrest on the instant offense.

Your officer has contacted the defendant's probation officer in San Luis Obispo County who was not aware of the defendant's arrest on the instant offense or subsequent plea of guilty. On being notified, the officer indicated that the defendant's probation will be revoked and a probation violation hearing scheduled. It is also his opinion that the defendant's adjustment while on probation would be described as poor.

## SOCIAL HISTORY

The following information was obtained during an interview with the defendant at the Fresno County Jail. Additional information was obtained from the San Luis Obispo County Probation Department.

## FAMILY HISTORY

The defendant, whose true name is Bertran Christopher Boatman, is 21 years of age, having been born on July 25, 1965 in Louisiana. He came to California when he was an infant and has resided in Fresno County his entire life. He lived in the Riverdale area prior to moving to Fresno approximately three years ago. The defendant has reported that he is one of six children born to the marriage of Jim Boatman and Aiedo Phillips. His parents were divorced approximately ten years ago and both have remarried. His father now lives in Riverdale and his mother resides in Fresno. In addition to his full siblings, the defendant also has one half-brother and one half-sister. There is no history of criminality within the defendant's family.

The defendant reported to the San Luis Obispo County Probation Department that Jim Boatman was not his biological father. His father, whose name he did not know, died when he was approximately two years of age. A short time later his mother married Jim Boatman who then raised the defendant.

The defendant completed the 11th grade at Riverdale High School. He has had no further education nor any type of vocational training. Neither has he served in the military service nor does he belong to any clubs or organizations. The defendant has described his recreational activities as being centered around sports.

MARITAL HISTORY

The defendant has never been married nor has he fathered any children.

EMPLOYMENT HISTORY

Prior to his arrest, the defendant had worked for his step-father for approximately two years as a stock boy at Scotty's Liquor Store. He was earning minimum wage.

The defendant has also indicated that he has worked with his father drilling wells and milking cows.

FINANCIAL STATUS AND REPORT FEES

Attached hereto and to be considered a part of this report unless waived is the form containing a recommendation in regard to Presentence Investigation Report fees, pursuant to Section 1203.1b of the Penal Code.

The defendant's only assets are two automobiles, a 1976 Riviera and a 1969 Mercury Montego. He lists no liabilities.

USE OF ALCOHOL/CONTROLLED SUBSTANCES

The defendant does drink alcohol however, he does not feel he has a problem with its use. He has reported however, that he started smoking marijuana when he was 14 years of age and at age 18 became involved in the use of cocaine. He stated that he at first used only "here and there" but in the six months prior to his arrest, he had gotten "really bad". He was spending all the money that he earned and what he could borrow to supply himself with drugs. At the time the instant offense occurred, he had been "free-basing" all day.

## STATEMENT OF REFERENCES AND INTERESTED PARTIES

At the request of the defendant, character reference were mailed to his mother and his father. As of the date of dictation, replies have not been received. Should they be received prior to sentencing, they will be submitted for the Court's consideration.

## CUSTODY

The defendant was arrested on the instant offense on June 2, 1986 and has remained confined in the Fresno County Jail. Therefore, as of the date of sentencing, he will have served 359 days in custody and is entitled to conduct credits of 179 days, for a total of 538 days.

## DISCUSSION AND EVALUATION

### FACTORS AFFECTING PROBATION

Your officer can find no statutory provisions limiting or prohibiting a grant of probation in this case as set forth in Rule 414a. However, it does appear that the defendant, if not imprisoned, could be a danger to others as set forth in Rule 414b.

Regarding facts relating to the crime as set forth in Rule 414c, it appears that Subsections 1, 2, 3 and 5 apply. The serious nature of the crime is noted in that the defendant provided the gun with which his co-defendant murdered the victim. The victim was vulnerable in that he was alone in the store in a rural area at the time the crime occurred. Further, testimony has indicated that there was a plan to enter the store for the purpose of a robbery and perhaps even the murder.

Regarding facts relating to the defendant as set forth in Rule 414d, it appears that Subsections 1, 2, 3, 4, 5, 6 and 9 apply. The defendant's prior record consists of one misdemeanor and one felony conviction. He is currently on felony probation in San Luis Obispo County and it is obvious that his performance has been extremely poor as is evidenced by his present situation. At this time there is nothing that would indicate that the defendant is either willing or able to comply with the terms and conditions of probation. He is 21 years of age, has an 11th grade education, and does maintain close family ties in Fresno County. His employment history is all restricted to his working for either his father or his step-father. Further, the defendant has stated that he is addicted to the use of cocaine. The defendant has expressed remorse for his involvement in the offense.

(The recommended application of the following factors and circumstances is set forth in the Conclusion section of this report.)

CIRCUMSTANCES IN MITIGATION

Your officer can find no factors relating to the crime as set forth in Rule 423a.

Regarding facts relating to the defendant as set forth in Rule 421b, Subsection 2, it is noted that the defendant has stated that at the time the crime occurred, he was under the influence of cocaine.

CIRCUMSTANCES IN AGGRAVATION

Regarding facts relating to the crime as set forth in Rule 421a, it appears that Subsections 1 and 3 apply. The crime involved a high degree of viciousness and cruelty as the victim, who was alone in the store, offered no resistance when he was senselessly shot.

Regarding facts relating to the defendant as set forth in Rule 421b, it appears that Subsections 2, 4 and 5 apply. The defendant's prior record is significant in that he has a prior felony conviction and it is obvious that his crimes are of increasing seriousness. He is currently on felony probation in San Luis Obispo County and his performance while on probation has been very poor.

ENHANCEMENTS

The defendant has admitted the allegation that he was vicariously armed with a firearm during the commission of the crime within the meaning of Penal Code Section 12022(a).

CONCLUSION

Although there are no statutory provisions limiting or prohibiting a grant of probation, it is very clear that the defendant is an unsuitable candidate due to the viciousness and callousness of this crime. The defendant himself did not pull the trigger that killed 19-year-old John Sousa but he did provide the gun which resulted in his senseless death. It is your officer's opinion that to consider any other alternative than a commitment to state prison would be totally inappropriate. Therefore, at this time your officer is recommending that probation be denied and that defendant Boatman be committed to the California Department of Corrections for the term prescribed by law, 15 years to life. Further, as the defendant admitted that during the commission of the murder, he was armed with a firearm within the meaning of Penal Code Section 12022(a), this officer is recommending that the term of imprisonment be enhanced by one year. It is felt that housing at a C.Y.A. facility is inappropriate due to the defendant's age, seriousness of the crime and length of sentence.

RECOMMENDED PRISON TERM

| CRIME | MIT/MID/AGG | BASE TERM | ENHANCEMENTS | CONSEC/CONCURR | |
|---|---|---|---|---|---|
| PC 187, 2nd Degree | 15 yrs to life | 15 yrs. | PC 12022(a)/ 1 yr. | N/A | N/A |

TOTAL YEARS: Sixteen years to life

### RECOMMENDATION

It is hereby recommended that probation be denied and that defendant Christopher Boatman, whose true name is Bertran Boatman, be committed to the California Department of Corrections for the determinate sentence of one year pursuant to Penal Code Section 12022(a), and that the indeterminate term of fifteen years to life run consecutive to the determinate sentence, with credit for 538 days previously served (359 actual days, 179 good time/work time days).

In compliance with Government Code Section 13967, it is respectfully recommended that a restitution fine of $1,000.00 be imposed.

The defendant is represented by private counsel.

Respectfully submitted,

DON HOGNER, CHIEF PROBATION OFFICER

By: _____
Vonnie Franks, Deputy

Dated: May 22, 1987

Read and Approved:

_____
Supervising Probation Officer
dll

-10-

***************

The foregoing report has been read and considered.

Dated: 5-26-87



JUDGE OF THE SUPERIOR COURT

COURT FINDING

| CRIME | MIT/MID/AGG | BASE TERM | ENHANCEMENTS | CONSEC/CONCURR |
|---|---|---|---|---|
| PC 187, 2nd Degree | _____ | ____ | _____ | _____ |

TOTAL YEARS: _____

-11-

APR 7 1987

Hrg: 4-15-87 @ 9:00 a.m.
Atty: Public Defender
For Court Use Only

**FILED**
**CONFIDENTIAL**
MAY 12 1987
FRESNO COUNTY CLERK
By _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

Fresno, California

| Plaintiff: | Defendant: |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA | CHRISTOPHER BOATMAN |

| (X) SPECIAL REPORT | (X) PROBATION OFFICER | Case Number | Dept. |
| ( ) SUPPLEMENTAL REPORT TO REPORT FILED ON _____ | ( ) HONOR RELEASE OFFICER ( ) WORK FURLOUGH OFFICER | 351031-0 | 10 |
| | | Probation Number 162154 | |
| | | DA# 86S-02948 | |

TO THE HONORABLE JUDGE OF THE ABOVE ENTITLED COURT:

On December 17, 1986, Christopher Boatman entered a plea of guilty to a violation of Penal Code Section 187, Second Degree Murder. The defendant's plea was entered under various conditions including that he would not be sentenced until after the trial of the co-defendant in this case, which was originally scheduled to occur in February of 1987. Following the defendant's plea, he waived time for sentencing which was scheduled for March 3, 1987. A referral was directed to the Probation Department for the preparation of a presentence report and recommendation.

A report was not filed with the Court for sentencing on March 3, 1987 as the co-defendant had not gone to trial and the defendant had not been available for a probation interview. Therefore, on March 3, 1987, sentencing was continued until April 15, 1987 at 9:00 a.m in Department Ten. Once again your officer has been unable to file a report and recommendation with the Court regarding this matter as the defendant is being held in protective custody in another county and has not been made available for a probation interview. Therefore, at this time your officer is again recommending that sentencing be continued until such time as the defendant is returned to Fresno County and is available for an interview.

1089

Respectfully submitted,

DON HOGNER, CHIEF PROBATION OFFICER

By: _____
Vonnie Franks, Deputy

Dated: April 6, 1987

Read and Approved:

_____
Supervising Probation Officer
dc

***************

The foregoing report has been read and considered.

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

FEB 25 1987

Hrg: 3-3-87 @ 9:30 a.m.
Atty: Marshall Hodgkins

CONFIDENTIAL

MAY 12 1987

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

Fresno, California

| Plaintiff: | Defendant: |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA | CHRISTOPHER BOATMAN |

| (X) SPECIAL REPORT<br>( ) SUPPLEMENTAL REPORT TO REPORT FILED ON _____ | (X) PROBATION OFFICER<br>( ) HONOR RELEASE OFFICER<br>( ) WORK FURLOUGH OFFICER | Case Number: 351031-0   Dept. 13<br>Probation Number: 162154<br>DA# 86S-02948 |
|---|---|---|

TO THE HONORABLE JUDGE OF THE ABOVE ENTITLED COURT:

On December 17, 1986, defendant Christopher Boatman entered a plea of guilty in Department Thirteen of the Superior Court to a violation of Penal Code Section 187, Second Degree Murder. The defendant's plea was entered under various conditions, including that he would not be sentenced until after the trial of the co-defendant in the case which was originally scheduled to occur in February of 1987. Following the defendant's plea, he waived time for sentencing which was then scheduled for March 3, 1987. A referral was directed to the Probation Department for the preparation of a Presentence Report and Recommendation.

A report has not been filed with the Court regarding this offense as your officer has been informed by both the District Attorney and defense counsel that the defendant's plea of guilty to a violation of Penal Code Section 187, Second Degree Murder, will be changed to a lesser offense. Further, the defendant has not been available for an interview and the trial of the co-defendant is now on calendar for March 23, 1987. Therefore, at this time your officer is recommending that sentencing be continued until such time as placed on calendar by the People and the defendant's attorney.

4088

Respectfully submitted,

DON HOGNER, CHIEF PROBATION OFFICER

By: /s/ Vonnie Franks
Vonnie Franks, Deputy

Dated: February 24, 1987

Read and Approved:

/s/ Larry Robinson
Supervising Probation Officer
dll

***************

The foregoing report has been read and considered.

Dated: MAY 11 1987



JUDGE OF THE SUPERIOR COURT