# EXHIBIT 12

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF FRESNO

BEFORE THE HONORABLE GENE M. GOMES, JUDGE

DEPARTMENT THIRTEEN

-oOo-

FILED
NOV 5 1986
FRESNO COUNTY CLERK
By _____ DEPUTY

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,  )<br>             )<br>        Plaintiff,  )<br>             )<br>        vs.  )<br>             )<br>CHRISTOPHER BOATMAN,  )<br>             )<br>        Defendant.  )<br>_____) | CASE NO. ~~351031-8~~ 351031-9<br><br>CHANGE OF PLEA |

-oOo-

Fresno, California                                           October 22, 1986

-oOo-

A P P E A R A N C E S

FOR THE PEOPLE:            EDWARD W. HUNT, District Attorney
                           of the County of Fresno
                           BY: JAMES OPPLIGER,
                                Deputy District Attorney

FOR THE DEFENDANT:         MARSHAL HODGKINS,
                           Attorney at Law

-oOo-

CAMILLA T. BRUCATO, Official Reporter, CSR 3454

-oOo-

4075



ORIGINAL

1               CASE NO. 351031-8 OCTOBER 22, 1986.

2   THE COURT: Christopher Boatman.

3   MR. OPPLIGER: James Oppliger for the People.

4   THE COURT: Mr. Boatman is here with his attorney Mr.

5   Hodgkins.

6      What is going to happen on this?

7   MR. HODGKINS: It will be a Change of Plea, your Honor.

8   THE COURT: All right, what is the agreement?

9   MR. OPPLIGER: Your Honor, I am going to state part of

10  the agreement and I believe Mr. Hodgkins may want to augment

11  that or state portions that are important to him.

12      The arrangement that we have agreed upon was that Mr.

13  Boatman would enter into a plea, the terms of the People's

14  understanding with respect to this plea is that this plea, the

15  offer that is being made and the plea agreement is it is

16  conditioned or will be conditioned on the fact that the

17  defendant was not a party to the killing of John Souza, the

18  named victim in this Complaint, but that he was only a party

19  to the robbery of the 41 Market and John Souza.

20      The second two conditions that I want to state, are

21  not stated for the purpose of obtaining the defendant's

22  testimony, but they are in order to protect the People from

23  any scheme to provide false testimony in violation on the

24  first condition.

25      The second two conditions would be that the defendant

26  would waive time for his RPO and sentencing until after the

1  trial of the co-defendant in this case of Harold Jones, which
2  is estimated by Harold Jones' attorney, that will occur around
3  February of 1986 (sic) and furthermore that the defendant will
4  give a Mirandized statement as to his personal participation
5  in this strength.
6        In return for these agreements, the People will be in
7  the plea it is, the People will be offering to stipulate or
8  reduce this plea to a second degree violation of Penal Code
9  187, and that I believe Mr., we're going to agree the
10 defendant is going to ask that sentencing occur by the Court
11 in which the plea was entered, and there is going to be an
12 agreement that the plea is conditioned on the defendant
13 receiving C.Y.A. housing for the first, I guess that would be
14 'til age 25.
15      THE COURT:  And he is also going to be admitting the
16 12022(a) vicarious arming allegation?
17      MR. OPPLIGER:  Yes, your Honor.
18      THE COURT:  Mr. Hodgkins?
19        Oh, and Count Two will be dismissed?
20      MR. OPPLIGER:  Count Two is the robbery, yes that would
21 be dismissed
22      THE COURT:  Mr. Hodgkins?
23      MR. HODGKINS:  Yes, your Honor I want to just state a few
24 things.
25        I think Mr. Oppliger has actually set forth the
26 agreement we're entering into.

1          But to state things more clearly for the record, to
2   make a Mirandized statement that would indicate that he is not
3   a party to the killing in this case; that Mirandized
4   statement, it is agreed, will not involve Mr. Boatman naming
5   the names of other participants in this particular incident.
6          He will name his full participation in this incident.
7          And as far as party to the killing that occurred in
8   this case, Mr. Boatman and I want to make sure we understand
9   before Mr. Boatman talks at all, will give a factual basis
10  right now which indicates that he was an aider and abettor to
11  the robbery and that he provided a weapon and drove a car with
12  knowledge that a robbery was going to occur.
13         Now, I assume that satisfies the requirements that he
14  was not a party to the killing but rather simply a party to
15  the robbery.
16         Further as Mr. Oppliger has indicated, as a condition
17  of this, should the California Youth Authority not accept Mr.
18  Boatman until age 25, we have the right to come back to this
19  Court and withdraw his plea and to go to trial should he
20  desire to do so
21      THE COURT: Let's clarify that, the 1731.5 of the Welfare
22  & Institutions Code provides that the Court can recommend a
23  Youth Authority housing on a State prison commitment.
24      MR. HODGKINS: That is what is being guaranteed by the
25  District Attorney.
26      THE COURT: Is that correct?

1    MR. OPPLIGER: Your Honor, Mr. Hodgkins, my offer to Mr.
2    Hodgkins was based on my understanding that this Court could
3    sentence him to C.Y.A. housing without any discretions on the
4    part of C.Y.A.
5        And that apparently is a misunderstanding on my part.
6        I have not withdrawn that offer.
7        I understand that Mr. Hodgkins is intent on making
8    that a condition of his plea.
9        If that is legal, I am agreeable to it.
10   THE COURT: And you are agreeable to having the condition
11   under 1192.5 be for not only the recommendation by the
12   District Attorney but also the recommendation by this Court
13   and the sentence of the defendant for a Youth Authority
14   housing, 1731.5 housing, and that any rejection of the
15   defendant by C.Y.A. or by this Court would entitle him to
16   therefore withdraw his plea and have his not guilty plea
17   reinstated.
18   MR. OPPLIGER: Based on my original offer, I have stood
19   by that and I am agreeable as the Court has stated it.
20   THE COURT: One problem I see the way you worded it, Mr.
21   Hodgkins, that is a Y.A., not only do they accept or are they
22   charged with the discretion of accepting or rejecting an
23   initial 1731.5, they also have the authority, as they do with
24   all adult Youth Authority commitments, to exclude for
25   violations of their policies or whatever in the institute, and
26   you included in there a housing through the age 25.

1    MR. HODGKINS: My apologies to the Court for having to
2  educate me on this.
3    But the exclusion would only apply should some
4  violations of their rules occur.
5    THE COURT: That's my understanding, on the initial
6  decision; if they reject, they have to send back --, the
7  defendant comes back to the sentencing Court for further
8  proceedings.
9    But if there is an exclusion on a rule violation it is
10 possible they can raise him to higher custody before his 25th
11 birthday because they do have the ultimate power to do that on
12 his 25th birthday.
13    MR. HODGKINS: May I have a few second.
14    (COUNSEL CONSULTS WITH CLIENT).
15    MR. HODGKINS: I have discussed the matter with Mr.
16 Boatman, and he is agreeable that this plea would not include
17 any exclusion that might take place for a rule violation that
18 is to say should he be house in C.Y.A. and prior to his 25th
19 birthday should he incur rule violations, and as a result Y.A.
20 would happen to send him to State prison, it would not result
21 in a withdrawal of his plea.
22    MR. OPPLIGER: That is my understanding.
23    THE COURT: Mr. Boatman, did you understand all that,
24 sir?
25    THE DEFENDANT: Yes.
26    THE COURT: It gets pretty complicated.

1    Have you had enough time to fully discuss this with
2 Mr. Hodgkins?
3    DEFENDANT: Yes, I did.
4    THE COURT: All right, sir, is it your desire to withdraw
5 your previously entered plea of not guilty, and enter a plea
6 of guilty under the condition stated by your attorney, the
7 District Attorney and the Court to a stipulated second degree
8 murder as charged in the Information against you, and to admit
9 the vicarious arming of a firearm within the meaning of
10 Section 12022(a)?
11    DEFENDANT: Yes.
12    THE COURT: All right, sir, this plea will be conditioned
13 under 1192.5 of the Penal Code.
14    The conditions have been stated quite thoroughly.
15    Count Two will be dismissed.
16    You will receive a recommendation from this Court and
17 a guarantee by the District Attorney that if the Youth
18 Authority does not follow that recommendation, the Youth
19 Authority housing until you are 25, that you will be allowed
20 to withdraw the plea of guilty, your not guilty plea would
21 reinstate to the original charges.
22    No mention could be made of the fact that you had ever
23 plead guilty.
24    Do you understand that?
25    DEFENDANT: Yes.
26    THE COURT: All right, if I do approve the condition of

1  this plea you will receive a State prison sentence, which is
2  mandated by the state of 15 years to life on the second degree
3  murder.
4      Since there is a stipulation of Youth Authority
5  housing, you will not be considered for probation, you will in
6  fact receive that sentence.
7      Do you understand that, sir?
8      DEFENDANT: Yes.
9      THE COURT: Now, it is also possible that sentence could
10 be enhanced by one consecutive year for the use or the arming
11 with the firearm, that makes the total term -- you can refer
12 to it as 16 years to life.
13     What it actually is a one year sentence plus a 15 year
14 to life indeterminate sentence.
15     Do you understand that?
16     DEFENDANT: Yes.
17     THE COURT: In the event you receive this sentence, if
18 you were to receive parole that parole could last for life
19 because it is a life term most likely it will be a seven year
20 maximum term; do you understand?
21     DEFENDANT: Yes.
22     THE COURT: In the event you were to violate the terms of
23 your parole you could be returned to prison for one year on
24 each violation, and that parole, as I stated could
25 theoretically last the rest of your life.
26     Do you understand that?

1     DEFENDANT: Yes.

2     THE COURT: Are you on parole or probation anywhere?

3     DEFENDANT: Probation.

4     THE COURT: Here locally?

5     DEFENDANT: Yeah.

6     THE COURT: Do you understand, this plea could result in
7 a violation of that probation and add substantially to the
8 time you would serve on that old case, it would run concurrent
9 though, if this is the only grounds for the violation?

10     DEFENDANT: Yes.

11     THE COURT: Do you understand that if you are not a
12 citizen of this country, this plea could result in your
13 deportation or denial of naturalization, or your exclusion
14 from this country?

15     DEFENDANT: Yes.

16     THE COURT: Other than the conditions that have been
17 stated, have any threats, promises or inducements been made to
18 you or anyone close to you in order to get you to plead
19 guilty?

20     DEFENDANT: No.

21     THE COURT: Are you pleading guilty to this second degree
22 murder charge on the theory as stated that you were involved
23 in the robbery which under the felony rule, would make you
24 guilty of second degree felony murder, because in fact and in
25 truth you are guilty of these charges?

26     DEFENDANT: Yes.

1    THE COURT: In order to plead guilty, you will be giving
2 up certain Constitutional Rights that you have.
3    First is the right to a trial, either by a jury of
4 twelve people selected from the community, or a court trial in
5 front of a judge.
6    At trial, the District Attorney would have the burden
7 of presenting evidence sufficient to prove your guilt beyond a
8 reasonable doubt.
9    You are presumed innocent, and have no burden to prove
10 anything.
11    In the case of a jury trial, all twelve jurors would
12 have to unanimously agree before you can be convicted.
13    Do you understand your right to a jury trial?
14    DEFENDANT: Yes.
15    THE COURT: Do you have any questions about that right I
16 could answer for you?
17    DEFENDANT: No.
18    THE COURT: Do you give up that right?
19    DEFENDANT: Yes.
20    THE COURT: Do you understand your right to a court
21 trial, in front of a judge instead of a jury?
22    DEFENDANT: Yes.
23    THE COURT: Do you give up that right?
24    DEFENDANT: Yes.
25    THE COURT: At any trial in this matter, you have the
26 right to confront the witnesses who would testify against you,

1  to see, hear and question those people who accuse you of this
2  crime.
3       Do you understand that right?
4       DEFENDANT: Yes.
5       THE COURT: Do you give up that right?
6       DEFENDANT: Yes.
7       THE COURT: You also have the right to not be compelled
8  to testify against yourself, to plead guilty or to incriminate
9  yourself in any way.
10      By pleading guilty, you are incriminating yourself.
11      No one will have to prove these charges, because you
12 are admitting they are true.
13      Do you understand that right?
14      DEFENDANT: Yes.
15      THE COURT: Do you give up that right?
16      DEFENDANT: Yes.
17      THE COURT: You also have the right to use the process of
18 the Court to subpoena witnesses; that is have people come into
19 court and testify on your behalf, and to present evidence in
20 your own defense, including your own testimony, should you so
21 desire.
22      Do you understand those rights?
23      DEFENDANT: Yes.
24      THE COURT: Do you give up those right?
25      DEFENDANT: Yes.
26      THE COURT: All right, sir, you are charged with murder,

1  it is on a second degree felony murder basis.

2  It is stipulated pursuant to the plea agreement to be
3  a second degree murder.

4  It is alleged to have been committed on or about May
5  of this year in Fresno County.

6  The victim of this murder is alleged to be John Souza.

7  I am assuming from Count Two, the allegation is that
8  on or about that date you wilfully and unlawfully and by means
9  of force and fear participated in a robbery, that is the
10 taking of personal property from Mr. Souza, or his immediate
11 presence.

12 In your own words, tell me what you did that makes you
13 feel you are guilty?

14 DEFENDANT: Well, I drove the car and I provided the gun
15 to commit the crime.

16 THE COURT: And was that on or about May of this year?

17 DEFENDANT: Yes, it was.

18 THE COURT: Was that in Fresno County?

19 DEFENDANT: Yes.

20 THE COURT: And when you provided the gun, you knew the
21 person you provided the gun to was going to rob Mr. Souza?

22 DEFENDANT: Yes.

23 THE COURT: Was he in a business establishment?

24 DEFENDANT: What?

25 THE COURT: Was he in a business, a store of some sort?

26 DEFENDANT: Yes.

| | | |
|---|---|---|
| 1 | THE COURT: | What is the name of the store? |
| 2 | DEFENDANT: | 41 Market. |
| 3 | THE COURT: | And you remained outside in the car? |
| 4 | DEFENDANT: | No, I stayed by the door. |
| 5 | THE COURT: | And you had the car, had the keys to the car? |
| 6 | DEFENDANT: | Yeah. |
| 7 | THE COURT: | And you drove the car with the other man away |
| 8 | from the scene, is that correct? | |
| 9 | DEFENDANT: | Yes. |
| 10 | THE COURT: | Mr. Oppliger, is there anything I have missed |
| 11 | here? | |
| 12 | MR. OPPLIGER: | Whether or not someone was killed during |
| 13 | the course of the robbery. | |
| 14 | THE COURT: | Do you remember during the course of the |
| 15 | robbery did the gun go off? | |
| 16 | DEFENDANT: | Yes. |
| 17 | THE COURT: | And as a result of that gun shot was John |
| 18 | Souza killed? | |
| 19 | DEFENDANT: | Yes. |
| 20 | THE COURT: | Satisfied? |
| 21 | MR. OPPLIGER: | Satisfied. |
| 22 | THE COURT: | To the charge of violating Section 187 -- |
| 23 | MR. OPPLIGER: | Your Honor, may I make one inquiry along |
| 24 | those lines? | |
| 25 | THE COURT: | Sure. |
| 26 | MR. OPPLIGER: | Mr. Boatman, you did not personally pull |

1  the trigger or hold that gun; is that correct?

2  DEFENDANT: No.

3  MR. HODGKINS: You said, so the record reflects that
4  correctly, did you personally pull the trigger that killed Mr.
5  Souza or hold the gun that killed Mr. Souza?

6  DEFENDANT: No.

7  THE COURT: To the charge of violating Section 187 of the
8  Penal Code, murder, stipulated to be second degree murder, on
9  the condition stated, what is your plea, guilty or not guilty?

10  DEFENDANT: Guilty.

11  THE COURT: And to the allegation that during the
12  commission or attempted commission of that offense were you
13  armed with a handgun within the meaning of section 12022(a),
14  do you admit or deny that allegation?

15  DEFENDANT: Yeah.

16  THE COURT: Admit or deny.

17  DEFENDANT: Admit.

18  THE COURT: I will accept the plea and admission, find
19  they are knowingly, intelligently, voluntarily made.

20  Motion on Count Two?

21  MR. OPPLIGER: Motion to dismiss due to the fact that it
22  is subject to Penal Code Section 654.

23  THE COURT: Motion is granted.

24  I will refer the matter to the Probation Office for a
25  presentence report and recommendation.

26  It is my understanding he is willing to waive time, a

1  substantial time waiver, so there is no sense in referring it
2  for a Probation report; is there?
3     MR. HODGKINS: I think that is a good idea; we should not
4  worry with the Probation report for awhile.
5     THE COURT: What do you suggest, Mr. Hodgkins, bring it
6  back for a status conference some time in December?
7     MR. HODGKINS: I don't think that will be beneficial,
8  perhaps in February some time.
9     THE COURT: I was thinking we bring it in December or
10 January and send it out at that time for a report and you can
11 provide anything you want to provide and we can find out if
12 the statements that have been referenced in the plea agreement
13 have been made and if there are any other problems.
14    MR. OPPLIGER: Agreeable by the People.
15    MR. HODGKINS: That's fine.
16    THE COURT: Let's set it on December 17, nine thirty in
17 this department.
18      Mr. Boatman, do you give up the right to be sentenced
19 within 28 days and agree we will put it over to December 17 to
20 see if everybody is able to comply with this agreement, and
21 then refer it out for a report.
22    DEFENDANT: Yes.
23    THE COURT: That means the sentencing will be some time
24 in February, that agreeable?
25    DEFENDANT: Yes.
26    THE COURT: Trial date is vacated.

1  Mr. Oppliger, it is your representation that you will
2  make a Proposition Eight statement based on your knowledge of
3  the case, that this disposition is reasonable and in the
4  interest of justice.
5  MR. OPPLIGER: That is my statement, I will state to at
6  that time.

-oOo-

STATE OF CALIFORNIA      )
                         )  SS.
COUNTY OF FRESNO         )

I, CAMILLA T. BRUCATO, Official Reporter of the Superior Court of the State of California, for the County of Fresno, do hereby certify that the foregoing is a true and correct transcription of all the admonitions given, and the waivers and admissions taken at the time of the taking of the change of plea of CHRISTOPHER BOATMAN, on the 22 day of October 1986, consisting of pages 1 through 16.

Dated this 3rd day of November 1986.

_____
CAMILLA T. BRUCATO, CSR 3454
Official Reporter

-oOo-

...