# EXHIBIT 13

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF FRESNO

BEFORE THE HONORABLE GENE M. GOMES, JUDGE

DEPARTMENT TEN

-oOo-

FILED JUN 12 1987
FRESNO COUNTY CLERK
By _____ DEPUTY

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | |
| Plaintiff, | CASE NO. 351031-0 |
| vs. | R.P.O. & SENTENCE |
| CHRISTOPHER BOATMAN, | |
| Defendant. | |

-oOo-

Fresno, California                                  May 26, 1987

-oOo-

APPEARANCES

FOR THE PEOPLE:        EDWARD W. HUNT, District Attorney
                       of the County of Fresno
                       BY:  JAMES OPPLIGER,
                            Deputy District Attorney

FOR THE DEFENDANT:     MARSHALL HODGKINS,
                       Attorney at Law

-oOo-

CAMILLA T. BRUCATO, Official Reporter, CSR 3454

-oOo-



```
 1                CASE NO. 351031-0   MAY 26, 1987
 2       THE COURT: CHRISTOPHER BOATMAN.
 3       MR. OPPLIGER: James Oppliger appearing for the People.
 4       MR. HODGKINS: Marshall Hodgkins on behalf of Mr.
 5  Boatman, who is personally present.
 6       THE COURT: There is an extended media request.
 7          Care to be heard?
 8       MR. HODGKINS: No objection.
 9       MR. OPPLIGER: No objection.
10       THE COURT: It will be granted.
11          This is the time set for the report of the Probation
12  Office and imposition of judgment.
13          The Court has read and considered the Probation
14  Officer's report filed May 22, and its attachments.
15          Are there any additions or corrections to make to the
16  report?
17       MR. HODGKINS: Not that I am aware of.
18          I assume the Court has a copy of my letter dated May
19  18 and also a copy of the District Attorney's letter.
20       THE COURT: I don't have a copy of the District
21  Attorney's letter.
22          Do you have an extra copy, Mr. Oppliger?
23       MR. OPPLIGER: No, I don't, your Honor.
24       THE COURT: I assume that letter is primarily for the
25  purposes of the adult authority in the future.
26       MR. HODGKINS: Yes, it is, I would like to make sure it
```

1  is included in the package.
2  THE COURT: We will make sure it is included.
3  MR. HODGKINS: With those understandings, I have no
4  additions or corrections to be made.
5  THE COURT: This was a plea to a second degree murder
6  with an arming allegation pursuant to 12022(b).
7  The only condition on the plea was that there would be
8  a recommendation from the Court for Youth Authority housing
9  under 1731.5, which I'm agreeable with.
10  And with that statement, is there any legal cause why
11  judgment should not be pronounced?
12  MR. HODGKINS: No legal cause.
13  THE COURT: Do you waive formal arraignment for judgment?
14  MR. HODGKINS: Yes.
15  THE COURT: Care to be heard?
16  MR. HODGKINS: Yes, your Honor.
17  I don't know if it is the practice of the Court in
18  these situations to make transcript of the sentencing
19  hearings.
20  THE COURT: Yes.
21  MR. HODGKINS: The hearings that we're in right now.
22  With what the Court has said, in my understanding, I'm
23  addressing my comments properly, and I will be honest with the
24  Court for the record.
25  I realize the Court is inclined to accept the
26  agreement that has been entered into by the District

1  Attorney's office and Mr. Boatman and myself.

2  However, I think this Court has got to understand as I
3  explained in my letter, what a tragic situation we are dealing
4  with from Mr. Boatman's standpoint.

5  I am not minimizing at all, and I think I made that
6  very plain in my letter, the fact that this whole incident
7  resulted in the death of a human being.

8  I don't think that can be minimized.

9  And I point out to the Court that Bert has never
10 minimized that fact at all.

11 He has always accepted from the very beginning the
12 responsibility for what role he played in that.

13 And he has accepted the law of the State of California
14 which says that even though Mr. Boatman is not the individual
15 who is involved in the physical act, including the pulling of
16 the trigger which resulted in the death of the victim in this
17 case, he is still equally responsible under the law of the
18 State of the California which indicates that aiders and
19 abettors in this State are equally guilty for those crimes and
20 those that can be reasonably anticipated by his confederates.

21 Mr. Boatman is, no question about it, not the dominant
22 personality of the confederates that existed in this case.

23 I think this Court knows that because this Court heard
24 the case of People versus Jones.

25 This Court was able to hear all of the evidence that
26 was involved in this incident in question; just not on Change

1  of Plea like the Court heard in this particular case.
2       The Court knows though for every dominant personality
3  that exists when a crime is committed with more than one
4  person, there are always individuals who are less dominant, or
5  who are followers, and helped in committing the crime.
6       The State of California has decided we are not going
7  to accept that as a legal excuse.
8       But this individual, I guarantee you when he is
9  finished doing his time, be that ultimately at the California
10 Youth Authority or at some other location, this individual is
11 going to come out of this time in custody and be a productive
12 member of society.
13      He's not going to be back.
14      He has recognized, he has had an incredible amount of
15 time to reflect on all this.
16      And he is not going to be back.
17      This Court is going to find, both this Court and
18 myself and other individuals who are around after he has
19 finished serving his sentence and after he is released on
20 parole, that he has become a very productive member of
21 society.
22      He has a support system behind him by way of his
23 natural mother who has always been by his side.
24      She has always done whatever she can to assist him.
25      And that support system will still be there when he
26 gets out.

1     I thank the Court for allowing me to address it.

2   THE COURT: Mr. Boatman, I have read your statement.

3     Is there anything else you would like to add to that, sir?

5   DEFENDANT: Yes, you know, I am sorry for what I have done, you know, and I can't bring back the life of John Sousa.

7     I feel I should get more time than what I am today.

8     I also thank my lawyer 'cause I couldn't find a better lawyer than Marshall Hodgkins.

10     That's all I got to say.

11     Thank you.

12   THE COURT: Mr. Oppliger?

13   MR. OPPLIGER: Submit it with the statement simply that we support the conditions of the plea.

15     Recommend that he be given the statutory sentence and the Court consider the condition calling for C.Y.A. housing until the defendant turns age 25 when he would be transferred to the Department of Corrections.

19   THE COURT: Ms. Franks?

20   MS. FRANKS: I submit it, your Honor.

21   THE COURT: All right, I have read and considered the report, listened carefully to the statements of counsel and the defendant.

24     I am going to approve the condition of the plea as recommended by the District Attorney.

26     I think Youth Authority housing until the defendant is

1  25 will go a long way towards the rehabilitation of the
2  defendant for his eventual release which clearly is eventual,
3  unlike the co-defendant in the case.
4      I find him to be an unsuitable candidate for
5  probation, however, based on his active participation in a
6  very serious offense, the obvious danger he poses to the
7  community if not incarcerated.
8      Accordingly probation is denied.
9      For second degree murder, violation of Section 187 of
10  the Penal Code, he is committed to the Department of
11  Corrections.
12      <u>He will receive a one year consecutive sentence</u>
13  <u>pursuant to 12022 of one year</u>, to be followed by a statutory
14  15 years to life second degree murder sentence.
15      Total term is 16 years to life.
16      Are the credits accurate in the report.
17      MS. FRANKS: Yes, your Honor.
18      THE COURT: He will receive credit for 538 days.
19      Under 13967 of the Government Code a one thousand
20  dollar restitution fine is imposed.
21      Under 1731.5 of the Welfare & Institutions Code, I
22  will recommend housing in the Youth Authority until he is age
23  25.
24      I find he could benefit from the training facilities
25  offered at the Youth Authority.
26      The defendant is remanded to the custody of the

```
1   Sheriff who is ordered to transport him to the Department of
2   Corrections for service of this term.
3   -oOo-
4
5
    STATE OF CALIFORNIA  )
6                        )   ss
    COUNTY OF FRESNO     )
7
8           I, CAMILLA T. BRUCATO, Official Shorthand Reporter, do
9   hereby certify and declare that I was the duly-appointed and
10  acting Official Stenographic Reporter for the Superior Court
11  of the State of California, County of Fresno, on the hearing
12  of the foregoing matter of CHRISTOPHER BOATMAN, held on
13  May 26, 1987, consisting of pages 1 through 8;
14          that the foregoing is a complete, true and correct
15  transcription of the stenotype notes as taken by me in said
16  matter.
17          Dated this 12th day of June, 1987.
18
19                                      /s/
                                    CAMILLA T. BRUCATO, CSR., #3454
20                                  Official Reporter
21                                      -oOo-
22      ...
23      ...
24      ...
25      ...
26      ...
```



FILED
JUL 23 1986
FRESNO COUNTY CLERK
By _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA | CASE NUMBERS: |
| Vs. | Superior Court    351031-0 |
| CHRISTOPHER BERT BOATMAN | Arraignment Date    7-30-86 |
| | Municipal Court    104833-9 |
| | District Attorney    86S0294C |
| Defendant(s). | INFORMATION |

### COUNT ONE

The District Attorney of the County of Fresno hereby accuses CHRISTOPHER BERT BOATMAN of committing the following crime at and in the County of Fresno, State of California:

VIOLATION OF SECTION 187 OF THE PENAL CODE, a felony. The said defendant, on or about May 29, 1986, did willfully, unlawfully, and with malice aforethought murder JOHN SOUSA, a human being.

It is further alleged that in the commission and attempted commission of the above offense, the said defendant was armed with a firearm, to wit: a handgun, said arming not being an element of the above offense, within the meaning of Penal Code Section 12022(a).

### COUNT TWO

-- And the said CHRISTOPHER BERT BOATMAN is further accused by the District Attorney of the County of Fresno by this Second

/////

1267

Case 3:07-cv-03412-SI    Document 7-15    Filed 01/24/2008    Page 11 of 11

1  Count of this Information of committing the following crime at
2  and in the County of Fresno, State of California:
3   VIOLATION OF SECTION 211 OF THE PENAL CODE, a felony. The
4  said defendant, on or about May 29, 1986, did willfully,
5  unlawfully, and by means of force and fear take personal
6  property from the person, possession, and immediate presence of
7  JOHN SOUSA.
8   It is further alleged that in the commission and attempted
9  commission of the above offense, the said defendant was armed
10 with a firearm, to wit: a handgun, said arming not being an
11 element of the above offense, within the meaning of Penal Code
12 Section 12022(a).
13  And all of the acts of the said CHRISTOPHER BERT BOATMAN
14 described in the First and Second Counts of this Information
15 constitute different offenses of the same class of crimes and
16 offenses and/or were connected together in their commission.

17 EDWARD W. HUNT
   District Attorney for
18 the County of Fresno,
   State of California
19
20 by
21 JAMES R. OPPLIGER
   Deputy District Attorney
22
23
24
25
26
27
28

-2-