# INDETERMINATE SENTENCE PAROLE RELEASE REVIEW
(Penal Code Section 3041.2)

CHRISTOPHER BOATMAN, D-65055
SECOND-DEGREE MURDER

AFFIRM: _____

MODIFY: _____

REVERSE: \_\_\_\_\_X_____

On May 29, 1986, Christopher Boatman and crime partners Harold Jones and Roland Montgomery decided to rob a store to obtain money for drugs. Mr. Boatman retrieved a .22-caliber revolver from his home and the three got into his car. After driving around, they stopped at the home of Chris Besel who, after hearing of the robbery plan, questioned the group about how they planned to get away with the crime since they had no masks and could easily be identified. Mr. Jones responded, "We're not going to worry about that."

Mr. Boatman and his partners left Mr. Besel's home and went to the 41 Market as planned. Mr. Montgomery remained in the car while Mr. Boatman and Mr. Jones entered the store. The store was empty except for one clerk, 19-year-old John Sousa. As Mr. Boatman stood watch at the doorway, Mr. Jones confronted Mr. Sousa with the gun and demanded money. Without resisting, Mr. Sousa emptied the contents of the cash register and gave the money to Mr. Jones. Then, when Mr. Sousa turned away, Mr. Jones shot him once in the back of the neck.
Mr. Boatman and his partners fled in the car. Mr. Sousa was later discovered by a customer and emergency personnel were called. He was transported to a local hospital where he later died.

Mr. Boatman was arrested a few days later. He was 21 years old at the time. He pled guilty to second-degree murder and was sentenced to 15 years to life in prison, plus a one-year enhancement for the use of a firearm.

This was not Mr. Boatman's first conviction. He was previously convicted of grand theft and petty theft as an adult—and was on both felony and misdemeanor probation when he committed the murder of Mr. Sousa. He also was arrested at age 18 for two counts of rape with force or fear, but the charge was later reduced to unlawful sex with a minor and ultimately dismissed. Although not convicted, Mr. Boatman has consistently admitted to having sexual intercourse with the 14-year-old girl in this case.

Since his incarceration for Mr. Sousa's murder, Mr. Boatman has remained discipline-free and has worked to enhance his ability to function within the law upon release by regularly participating in self-help and therapy programs, including Narcotics Anonymous, KAIROS, Alcoholics Anonymous, spirituality classes, and Alternatives to Violence. He also has upgraded himself educationally and vocationally by earning his GED and training in welding, plumbing, and machine-tool technology. Likewise, Mr. Boatman has received favorable evaluations in

Christopher Boatman, D-65055
Second-Degree Murder
Page 2

recent years from various correctional and mental-health professionals, has maintained seemingly positive relationships with family and friends, and has made realistic, confirmed plans to live with his parents and work for their well-drilling business upon parole. These are all positive factors supportive of Mr. Boatman's release from prison to parole.

Although he claims to have remorse and accept responsibility for Mr. Sousa's murder, Mr. Boatman has maintained throughout his incarceration, and as recently as during his 2005 parole hearing, that he did not know anyone would get hurt during the robbery despite his crime partner's remarks beforehand that there would be no concern about being identified by witnesses. This to me is some evidence that Mr. Boatman may not fully grasp the consequences of his actions or the magnitude of his role in this murder. Regardless of Mr. Boatman's claimed belief as to what would happen, it was he who brought along the gun—and he was an active, willing, and major participant in a planned armed robbery that resulted in the shooting death of Mr. Sousa. Mr. Boatman's actions therefore exceeded the minimum necessary to sustain a conviction for second-degree murder, and make the murder for which he was convicted especially heinous. This factor alone is enough for me to conclude at this time that Mr. Boatman's release from prison would pose an unreasonable public-safety risk. Moreover, the manner in which Mr. Sousa was murdered was particularly cruel and senseless. Mr. Sousa fully cooperated with his assailants and then was shot in the neck after he turned away.

The Fresno County District Attorney's Office sent a letter to the Board earlier this year opposing Mr. Boatman's parole based on the gravity of the murder he committed and his criminal history.

Mr. Boatman is now 40 years old and has made some creditable gains in prison over the years. But based on the current record before me and after carefully considering the very same factors the Board is required to consider, I find the gravity of the murder committed by Mr. Boatman presently outweighs any positive factors tending to support his parole suitability. Accordingly, because I believe his release from prison would pose an unreasonable risk of danger to society at this time, I REVERSE the Board's 2005 decision to grant parole to Mr. Boatman.

Decision Date: 8/24/05

ARNOLD SCHWARZENEGGER
Governor, State of California